UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SILK WAY WEST AIRLINES, LLC,

    Plaintiff,

v.

INTRPID AEROSPACE, INC

    Defendant.

Case No. 2:23-cv-82

## COMPLAINT

Plaintiff, Silk Way West Airlines, LLC ("Silk Way West"), by and through its undersigned counsel, sues Defendant, Intrepid Aerospace, Inc ("Intrepid"), and alleges as follows:

### Introduction

1. Established in Azerbaijan in 2012, Silk Way West is the largest cargo airline in the Caspian Sea region, operating approximately 350 monthly flights across Europe, Asia, and the Americas through its fleet of 12 dedicated Boeing 747-8F and Boeing 747-400F freighter aircraft.

2. Intrepid is a company based in Fort Meyers, Florida that provides aircraft repair, overhaul, and modifications services. The company markets itself as a business with the capability to service domestic and

international aircraft operators, providing "high quality and competitively priced products with excellent turn around time."

3. On January 27, 2022, Silk Way West and Intrepid entered into a General Terms Agreement (the "GTA"), under which Intrepid agreed to provide Silk Way West with goods, such as aviation parts and components, and services, such as repairs to aviation parts and components.

4. From April 2022 through May 2022, Silk Way West placed four orders (the "Purchase Orders") with Intrepid under the GTA for critical aviation parts that were necessary for the operation of one of its aircraft. The total cost for the goods under these Purchase Orders was $285,000.00, which Silk Way West prepaid to Intrepid at the time it placed these orders.

5. Silk Way West designated these orders as "AOG" parts. "AOG" is understood in the aviation industry to mean "Aircraft On Ground," indicating that an aircraft is grounded due to a missing or inoperable critical component. As such, that aircraft is not earning revenue, and any such AOG situation is clearly understood to be time critical.

6. Under the terms of the GTA and the Purchase Orders, Intrepid was required to deliver these parts to Silk Way in 30 days or less. As of the filing of this Complaint, however, nine or ten months later depending upon

the particular Purchase Order, Intrepid has not complied with its contractual obligation to deliver these parts to Silk Way West.

7. As a result of Intrepid's breaches, Silk Way West was left with no choice but to order these parts from an alternate supplier to resolve the time-critical AOG situation for this aircraft.

8. Silk Way West has demanded that Intrepid return the $285,000.00 it prepaid Intrepid for these Purchase Orders. Notwithstanding its obligation to do so, Intrepid has failed to return these funds to Silk Way West.

9. Through this Complaint, Silk Way West seeks an award of damages from Intrepid for the amounts Intrepid is obligated to repay to Silk Way West under the GTA and the Purchase Orders.

## Parties

10. Silk Way West is a limited liability company organized in Azerbaijan, with its principal place of business in Azerbaijan. Silk Way West's members are all citizens of Azerbaijan.

11. Intrepid is a Florida corporation with its principal place of business in Fort Meyers, Florida.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (a) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (b) there is diversity of citizenship between the parties. Specifically, Silk Way West—as a limited liability company organized in Azerbaijan—is a citizen of the locations where its members are citizens, namely Azerbaijan; and Intrepid—as a Florida corporation—is a citizen of the state where it is incorporated and where it has its principal place of business, namely the State of Florida.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (b)(2) because Intrepid, the sole Defendant in this action, resides in the Middle District of Florida, and a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida.

14. Intrepid is subject to personal jurisdiction in this judicial district because it: (a) operates, conducts, engages in, or carries on a business venture in this state, and has an office or agency in this state (Fla. Stat. § 48.193(1)(a)(1)); (b) breached a contract in the State of Florida by failing to perform acts required by the contract to be performed in this state (Fla. Stat. § 48.193(1)(a)(7)); and (c) is engaged in substantial and not

isolated activity within this state (Fla. Stat. § 48.193(2)). In addition, Intrepid has minimum contacts with Florida so that the Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

**Count I**
**(Breach of Contract)**

15. Silk Way West incorporates and realleges by reference Paragraphs 1 through 14 above as if fully set forth herein.

16. This is a claim for breach of contract based on Intrepid's failure to repay amounts due to Silk Way West in connection with the Purchase Orders Silk Way West placed with Intrepid under the GTA.

17. The GTA and the Purchase Orders constitute a valid and enforceable contract.

18. Silk Way West has performed and otherwise complied with its duties and obligations under the GTA with respect to the Purchase Orders. Specifically, Silk Way West placed the orders with Intrepid, Intrepid accepted the orders, and Silk Way West prepaid in full for the AOG parts it ordered from Intrepid under these Purchase Orders.

19. In particular, Silk Way West placed the following Purchase Orders with Intrepid: SWT/INTRP/009 (dated April 27, 2022),

SWT/INTRP/011 (dated May 5, 2022), SWT/INTRP/012 (dated May 12, 2022), and SWT/INTRP/013 (dated May 23, 2022).

20. Under Clause 3(a) of the GTA, Intrepid agreed to deliver goods to Silk Way West "in accordance with the schedule specified in an individual Order, provided [Intrepid] has accepted such Order."

21. In addition, Clause 6(F) of the GTA required Intrepid to deliver parts to Silk Way West within a "standard turn-around-time" of 30 calendar days. Under this provision, Intrepid also promised to "use good faith efforts" to expedite the priority for critical components, provided Silk Way West advised Intrepid on a timely basis of such priority.

22. Each of the Purchase Orders indicated that the required "lead times" were 30 days or less and also indicated that these were AOG parts.

23. By accepting the Purchase Orders and Silk Way West's prepayments, Intrepid accepted the 30-day schedule for delivery, as provided for in these Purchase Orders.

24. Clause 6(I) of the GTA provides: "In the event of parts shortages and extended lead times beyond [Intrepid's] control, [Silk Way West] will be notified. In these cases [Intrepid] will do its utmost to offer [Silk Way West] a solution, in the form of exchanges, etc."

25. Despite its obligation to deliver these parts to Silk Way West within 30 days, seven to eight months have elapsed, depending upon the Purchase Order, and Intrepid has not only failed to deliver the parts, it has also failed to offer an adequate solution, such as an exchange or a refund of Silk Way West's prepayments under these Purchase Orders.

26. As a result of the foregoing, Intrepid has breached its obligations under the GTA and these Purchase Orders. Specifically, Intrepid failed to deliver these goods in a timely fashion, as contractually agreed. It failed to comply with the lead times set forth in the Purchase Orders. It failed to comply with the standard delivery time of 30 calendar days set forth in the GTA, and failed to expedite what Intrepid and Silk Way West both understood to be critical components. Intrepid also failed to notify Silk Way West of any parts shortages or extended lead times that were beyond its control, and did not do its "utmost" to offer an acceptable solution to Silk Way West when it was unable to comply with its obligation to deliver these parts within 30 days.

27. To the contrary, Intrepid has offered no legitimate grounds or legal justification for its delay and breach of its obligations, and it has proposed no solutions to remedy these breaches of its obligations.

7

28.     Silk Way West has provided written notice to Intrepid of these breaches and demanded that Intrepid cure these defaults by returning the full amount of the prepayments to Silk Way West.

29.     As a direct and foreseeable result of Intrepid's breaches, Silk Way West was left with no choice but to order the parts from an alternate supplier to resolve the time-critical AOG situation for this aircraft.

30.     Silk Way West has suffered damages as a result of Intrepid's breaches of the GTA and the Purchase Orders.

WHEREFORE, Silk Way West respectfully requests entry of judgment in its favor and against Intrepid for damages, interest, and costs, as well as any other relief deemed just and proper.

Dated: February 3, 2023

STUMPHAUZER KOLAYA
NADLER & SLOMAN, PLLC
Two South Biscayne Boulevard
Suite 1600
Miami, Florida 33131
Tel.: (305) 614-1400
Fax: (305) 614-1425

By:  */s/ Timothy A. Kolaya*
     TIMOTHY A. KOLAYA
     Florida Bar No. 056140
     tkolaya@sknlaw.com

*Counsel for Silk Way West Airlines, LLC*