```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SILK WAY WEST AIRLINES,
LLC.,

       Plaintiff,

v.                                 Case No:  2:23-cv-82-JES-NPM

INTREPID AEROSPACE, INC.,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Intrepid Aerospace, Inc.'s (Defendant) Motion to Dismiss Plaintiff's Complaint. (Doc. #14.) Silk Way West Airlines, LLC. (Plaintiff) filed a response in opposition. (Doc. #15.) Defendant did not file a reply. For the reasons set forth, the motion is DENIED.

**I.**

Plaintiff's Complaint makes the following factual allegations: Plaintiff is a cargo airline with twelve Boeing 747-8F and Boeing 747-400F airplanes. (Doc. #1, ¶ 1.) Defendant is a company that "provides aircraft repair, overhaul, and modifications services." (Id., ¶ 2.). The two "entered into a General Terms Agreement" (GTA) where Defendant agreed to provide Plaintiff "with goods, such as aviation parts and components, and

services, such as repairs to aviation parts and components." (Id., ¶ 3.)

Specifically, "[u]nder Clause 3(a) of the GTA, [Defendant] agreed to deliver goods to [Plaintiff] 'in accordance with the schedule specified in an individual Order, provided [Defendant] has accepted such Order.'" (Id., ¶ 20.) "In addition, Clause 6(F) of the GTA required [Defendant] to deliver parts to [Plaintiff] within a 'standard turn-around-time' of 30 calendar days." (Id., ¶ 21.) But under the same provision, if Plaintiff notified Defendant parts were critically important, then Defendant would "use good faith efforts" to expedite the delivery of those parts. Id. Finally, "Clause 6(I) of the GTA provides: 'In the event of parts shortages and extended lead times beyond [Defendant's] control, [Plaintiff] will be notified. In these cases [Defendant] will do its utmost to offer [Plaintiff] a solution, in the form of exchanges, etc.'" (Id., ¶ 24.)

Plaintiff placed four Purchase Orders with Defendant, identified as: SWT/INTRP/009 (dated April 27, 2022); SWT/INTRP/011 (dated May 5, 2022); SWT/INTRP/012 (dated May 12, 2022); and SWT/INTRP/013 (dated May 23, 2022). (Id., ¶ 19.) All the orders were marked as for "AOG" parts, which "is understood in the aviation industry to mean 'Aircraft On Ground,' indicating that an aircraft is grounded due to a missing or inoperable critical component." (Id., ¶ 5.) Defendant accepted the orders. (Id., ¶

2

18.) Plaintiff prepaid $285,000.00 to Defendant for these orders. (Id., ¶ 4.)

Months passed and Defendant never provided the Plaintiff with the parts, an alternative solution, a notification, or a refund. (Id., ¶¶ 25-6.) Since the "aircraft [needing these parts was] not earning revenue," (id., ¶ 5.), Plaintiff "was left with no choice but to order these parts from an alternate supplier to resolve the time-critical AOG situation for this aircraft." (Id., ¶ 7.)

Plaintiff's Complaint asserts only a breach of contract claim. See (Doc. #1, ¶¶ 15-30.) Defendant alleges "the Complaint does not provide sufficient factual detail concerning the GTA or Purchase Orders for Defendant to properly frame a response." (Doc. #14, ¶ 7.) Defendant requests the agreements be attached to the Complaint or for the Complaint to be repled. See (id., ¶ 8.) Plaintiff counters it "has adequately pled a claim for breach of contract against Defendant." (Doc. #14, pp. 1.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted).

3

To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Phx. Entm't Partners, LLC v. Casey Rd. Food & Bev., LLC, 728 F. App'x 910, 912 (11th Cir. 2018). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Defendant's motion merits denial for two reasons: (1) it fails to comply with this Court's local rules and (2) Plaintiff's Complaint is sufficiently pled.

**A. Local Rule 3.01(g)**

"Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion." M.D. Fla. R. 3.01(g). The motion will be denied for failure to confer with opposing counsel before filing the motion and for failure to include a certification of conference in the motion.

**B. The Complaint sufficiently pled a breach of contract claim**

Defendant's motion also merits denial because Plaintiff's Complaint is sufficiently pled. Under Florida law, "[t]he three elements of a breach-of-contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Rauch, Weaver, Norfleet, Kurtz & Co. v. AJP Pine Island Warehouses, Inc., 313 So. 3d 625, 630 (Fla. 4th DCA 2021)(citing Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). "A valid contract, in turn, is generally composed of four basic elements: offer, acceptance, consideration, and sufficient specification of essential terms." Id. (citing Jericho All-Weather Opportunity Fund, LP v. Pier Seventeen Marina & Yacht Club, LLC, 207 So. 3d 938, 941 (Fla. 4th

5

DCA 2016)). "To constitute a vital or material breach a defendant's nonperformance must be such as to go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part." JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co., 292 So. 3d 500, 509 (Fla. 2d DCA 2020)(quoting Beefy Trail, Inc. v. Beefy King Intern., Inc., 267 So. 2d 853, 857 (Fla. 4th DCA 1972)).

The Complaint sufficiently pleads a breach of contract claim. It asserts that the Defendant and Plaintiff entered into the GTA. (Doc. #1, ¶ 3.) It also asserts Plaintiff made four orders, that Defendant accepted the orders, and that Plaintiff prepaid $285,000.00 to Defendant for these orders. (Id., ¶¶ 4, 18-19.) The Defendant then directly cites or quotes the essential clauses at issue. See (id., ¶¶ 20-21, 24.) Plaintiff has thus sufficiently pled a valid contract between the parties.

The Complaint also sufficiently pleads the final two elements —a material breach and resulting damages because of that breach. It asserts that the parties entered into a contractual relationship so Defendant could provide Plaintiff "with goods, such as aviation parts and components, and services, such as repairs to aviation parts and components." (Id., ¶ 3.) It then asserts the Defendant failed to provide Plaintiff with the needed aviation parts and components to repair one of its planes. (Id., ¶ 25.) So, Plaintiff has sufficiently pled a material breach. As a result of this

6

alleged breach, Plaintiff asserts it has suffered a $285,000.00 shortfall and one of its planes remained idle without producing revenue. (Id., ¶¶ 5, 25.) The Complaint thus also plausibly alleges damages.

Plaintiff has sufficiently pled a breach of contract claim and Defendant's request for the agreements to be attached will be denied. As Defendant admits, "Plaintiff is not required to attach these agreements to the Complaint . . . ." (Doc. #14, p. 3); see also GSD Constr. Servs., LLC v. Lexington Ins. Co., 2020 WL 263662, at *2 (M.D. Fla. Jan. 17, 2020)("[W]hen asserting a breach of contract claim, it is well-established that in federal court, a plaintiff is not required to attach a copy of the contract to the complaint.").

Accordingly, it is hereby

**ORDERED:**

Defendant Intrepid Aerospace, Inc.'s Motion to Dismiss Complaint (Doc. #14) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___2nd___ day of June 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

7