UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SILK  WAY  WEST  AIRLINES,
LLC,

       Plaintiff,

v.                                      Case No:  2:23-cv-82-JES-NPM

INTREPID AEROSPACE, INC,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Summary Judgment (Doc. #29) filed on December 30, 2023. Despite being ordered to respond, (Doc. #30), defendant never did. For the reasons set forth, the motion is granted.

**I.**

This is a breach-of-contract case. Silk Way West Airlines, LLC, (Silk or Plaintiff) is a cargo airline that relies on its freighter aircraft to transport goods. Intrepid Aerospace, Inc, (Intrepid or Defendant) provides aircraft repair services. Based on Intrepid's Answer (Doc. #19) and discovery responses, (Doc. #29-1), the undisputed material facts (hereinafter the "summary judgment facts") are as follows:

The two parties entered into a General Terms Agreement (GTA) where Intrepid agreed to provide Silk "with goods, such as aviation parts and components, and services, such as repairs to

aviation parts and components." (Doc. #1, ¶ 3.) Silk placed four Purchase Orders with Intrepid, identified as: SWT/INTRP/009 (dated April 27, 2022); SWT/INTRP/011 (dated May 5, 2022); SWT/INTRP/012 (dated May 12, 2022); and SWT/INTRP/013 (dated May 23, 2022). (Id. at ¶ 19.) Intrepid accepted the orders. Silk prepaid $285,000.00 to Intrepid for these orders. Intrepid never delivered, refunded, or exchanged Silk's orders.

Silk now moves for summary judgment on its sole breach-of-contract claim. It requests "damages in the amount of $285,000, and . . . any further relief the Court deems just and proper." (Doc. #29, p. 19.) Under this Court's Local Rules and the controlling Case Management and Scheduling Order (CMSO), Intrepid was afforded twenty-one days to file a response. M.D. Fla. R. 3.01(c); (Doc. #28, p. 4.) None was filed. The Court afforded Intrepid an extra fourteen days to respond and simultaneously warned that any facts left undisputed could be accepted by the Court if supported by record evidence and, in accordance with the Local Rules, "[i]f no response is filed, the Court will treat the motion as unopposed and rule without further notice." (Doc. #30.) Still, Intrepid failed to file a response.

## II.

### A. Summary Judgment Standard

Summary judgment is proper where the evidence "shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a). "A genuine issue of material fact exists 'if the
evidence is such that a reasonable jury could return a verdict
for the nonmoving party.'" Edmondson v. Velvet Lifestyles, LLC,
43 F.4th 1153, 1159 (11th Cir. 2022)(quoting Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986)). "If there is not
sufficient evidence for a jury to find for the non-moving party,
or '[i]f the evidence is merely colorable,' or if it 'is not
significantly      probative,'      then summary judgment is
appropriate." Id. (quoting Anderson, 477 U.S. at 249-50).

The movant bears the initial burden of demonstrating an
absence of a genuine issue of material fact. Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986). "Once the movant adequately
supports its motion, the burden shifts to the nonmoving party to
show that specific facts exist that raise a genuine issue for
trial." James River Ins. Co. v. Ultratec Special Effects Inc, 22
F.4th 1246, 1251 (11th Cir. 2022) (quoting Dietz v. Smithkline
Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010)). In ruling on
a motion for summary judgment, the Court views all evidence and
draws all reasonable inferences in favor of the non-moving party.
Scott v. Harris, 550 U.S. 372, 380 (2007); Baxter v. Roberts, 54
F.4th 1241, 1253 (11th Cir. 2022).

When a party fails to respond to a motion for summary
judgment, a court may properly construe the motion as unopposed

pursuant to its local rules. Simon v. Kroger Co., 743 F.2d 1544, 1547 (11th Cir. 1984); Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988). Nonetheless, courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). "[T]he moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009)(quoting Celotex Corp., 477 U.S. at 323). Thus, while movant's facts can be "deemed admitted," courts "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Id. (citing Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008)).

   B. **Erie** Doctrine

In a diversity case, the Court applies the substantive law of the forum state—in this case, Florida.  See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). "Because we are interpreting Florida law, we look first for case precedent from Florida's highest court—the Florida Supreme Court." SE Prop. Holdings, LLC

v. Welch, 65 F.4th 1335, 1342 (11th Cir. 2023)(citing Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014)). "Where that court has not spoken, however, we must predict how the highest court would decide this case." Id. (quoting Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2018)). "In making this prediction, 'we are bound to adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" Id. (cleaned up)(quoting Winn-Dixie, 746 F.3d at 1021).

**III.**

Summary judgment in Silk's favor is warranted on the single count breach-of-contract claim. The record establishes the absence of a genuine issue of disputed material fact and that Silk is entitled to judgment as a matter of law.

Under Florida law, "[t]he three elements of a breach-of-contract action are: (1) a valid contract; (2) a material breach; and (3) damages." Rauch, Weaver, Norfleet, Kurtz & Co. v. AJP Pine Island Warehouses, Inc., 313 So. 3d 625, 630 (Fla. 4th DCA 2021)(citing Friedman v. New York Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). The record establishes that all three elements are undisputed. Intrepid admitted to the following: That it entered into the GTA, under which it agreed to provide Silk with aviation parts (Doc. #19, ¶ 3); that Silk placed the

orders and prepaid $285,000 (id., ¶¶ 4, 8); that "[e]ach [order] is a contract that [it] must meet" (Doc. #29-1, p. 10); that it therefore "did agree to deliver the goods to Silk" (id. at p. 11); but that "[n]otwithstanding its obligation to do so," it did not return the money to Silk (Doc. #19, ¶ 8); nor deliver the goods (Doc. #29-1, p. 7); nor offer Silk an exchange. (Id. at p. 8.) The admissions demonstrate that Intrepid breached its contract with Silk.

Silk has also shown that none of Intrepid's affirmative defenses prevent summary judgment. "On a plaintiff's motion for summary judgment, the defendant bears the initial burden of showing that the affirmative defense is applicable." Off. of Thrift Supervision v. Paul, 985 F. Supp. 1465, 1470 (S.D. Fla. 1997)(citing Blue Cross and Blue Shield v. Weitz, 913 F.2d 1544, 1552 (11th Cir. 1990)). "To do so, '[t]he defending party must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment.'" SFR Servs., LLC v. Lexington Ins. Co., No. 219CV229FTM29NPM, 2020 WL 7425265, at *2 (M.D. Fla. Dec. 18, 2020)(alteration in original) (quoting Meth Lab Cleanup, LLC v. Spaulding Decon, LLC, No. 8:14-CV-3129-T-30TBM, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015)). "Only upon such a showing does the burden shift to plaintiff regarding that affirmative defense." Paul, 985 F. Supp. at 1470 (citing

Weitz, 913 F.2d at 1552 n.13)). "Thus, summary judgment is appropriate where the defendant fails to come forward with evidence sufficient to . . . support an affirmative defense." Id. (citing Riberglass, Inc. v. Techni-Glass Indus., Inc., 804 F.2d 1577, 1580 (11th Cir. 1986)).[1]

Affirmative defenses one, three, and eight all assert forms of comparative fault. Affirmative defense one asserts a Fabre

---

[1] Persuasively, the Eleventh Circuit recently confirmed this standard:

> In response to a motion for summary judgment, the opposing party generally "cannot rest on his pleadings" and must instead present evidence and formulate arguments demonstrating "material facts which must be presented to a jury for resolution." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 658 (11th Cir. 1984). When a defendant raises an affirmative defense in opposition to summary judgment, he "has the initial burden of making a showing that the [affirmative] defense is applicable." Blue Cross & Blue Shield of Ala. v. Weitz, 913 F.2d 1544, 1552 (11th Cir. 1990); see Int'l Stamp Art, Inc. v. U.S. Postal Serv., 456 F.3d 1270, 1274 (11th Cir. 2006) (discussing a defendant-movant's burden of proof for affirmative defenses). In other words, the burden is on the defendant to adduce evidence supporting an affirmative defense, not upon the movant to negate its existence. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1264 (11th Cir. 2001).

Great Am. Ins. Co. v. Mueller, 21-12039, 2022 WL 2377391, at *4 (11th Cir. June 30, 2022)(per curiam).

defense[2], the third asserts "Comparative fault of Third Parties,"
and the eighth asserts "Criminal or Tortious Acts of Third
Parties." (Doc. #19, pp. 4-5.) But none of these comparative
fault theories apply to a breach-of-contract claim. See Gouty v.
Schnepel, 795 So. 2d 959, 965 n.3 (Fla. 2001)(stating that in "a
breach of contract action . . . [Florida's comparative fault
statute] is inapplicable."); Kobi Karp Architecture & Interior
Design, Inc. v. RG Michigan 2014 LLC, No. 18-21079-CIV, 2021 WL
4819903, at *7 (S.D. Fla. Oct. 15, 2021)("[C]omparative fault is
not a defense to a breach of contract claim." (quoting Fed.
Deposit Ins. Corp. v. Kunzmann Appraisals, Inc., No. 12-CV-80525,
2014 WL 12531543, at *3 (S.D. Fla. Feb. 11, 2014))); Bre/Cocoa
Beach Owner, L.L.C. v. Rolyn Companies, Inc., No.
612CV466ORL22GJK, 2012 WL 12905849, at *5 (M.D. Fla. Nov. 30,
2012).[3]   Additionally, the record is devoid of any evidence that

---

[2] "In Fabre v. Marin, 623 So.2d 1182, 1185 (Fla. 1993), the
Supreme Court of Florida held that Florida's comparative fault
statute, Fla. Stat. § 768.81, requires fault to be 'apportioned
among all responsible entities who contribute to an accident
even though not all of them have been joined as defendants.'"
Wyke v. Polk Cnty. Sch. Bd., 129 F.3d 560, 575 (11th Cir.
1997)(internal citation omitted)(quoting Nash v. Wells Fargo
Guard Servs., 678 So.2d 1262, 1263 (Fla. 1996)). "The term Fabre
defense refers to a defendant's contention that a non-party
defendant is wholly or partially responsible for the negligence
alleged." Turner v. Pennsylvania Lumbermen's Mut. Fire Ins. Co.,
No. 307-CV-374-J-32TEM, 2007 WL 3104930, at *1 n.5 (M.D. Fla.
Oct. 22, 2007)(quoting Michael v. Medical Staffing Network, Inc.,
947 So.2d 614, 617 n. 3 (Fla. 3d DCA 2007)).

[3] The Court acknowledges that while Florida's comparative

establishes these affirmative defenses or that creates a genuine issue of material fact. Affirmative defenses two, four, five, six, and seven, where Intrepid asserted failure to mitigate damages, assumption of risk, consent, intervening or supervening cause, and superseding cause, respectively, have no evidentiary support at all. Lastly, Intrepid's reservation of additional affirmative defenses is inept. Premier Baths, Inc. v. Safe Step Walk-In Tub Co., No. 612CV708ORL22DAB, 2012 WL 13102325, at *2 (M.D. Fla. Oct. 19, 2012)("A 'defense' seeking to reserve the right to raise additional affirmative defenses is not a valid affirmative defense." (collecting cases)).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #29) is **GRANTED.**

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of two-hundred-eighty-five thousand dollars and zero cents ($285,000.00).

3. The Clerk is further directed to terminate all pending motions and deadlines as moot, and close the file.

---

fault statute requires apportionment "in a negligence action," Fla. Stat. § 768.81(3), "[t]he substance of an action, not conclusory terms used by a party, determines whether an action is a negligence action." Id. § 768.81(1)(c). Intrepid has not even argued, much less has it met its burden of showing, that this breach-of-contract claim is a negligence claim.

　　　　**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day

of March, 2024.


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record